**FILED**
**Aug 17, 2022**
**08:26 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Lisa Hutchison,** | ) | **Docket No. 2021-06-1619** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Health Center at Standifer Place,** | ) | **State File No. 89873-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **AIU Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

Lisa Hutchison seeks workers' compensation benefits for a knee injury suffered from a fall while working for Health Center at Standifer Place. Standifer counters that her fall and resulting injury were idiopathic, and therefore it properly denied the claim. After an August 10 expedited hearing, the Court holds that Ms. Hutchison is not likely to prevail at a hearing on the merits regarding her requested relief at this time. The Court refers Standifer to the Compliance Program to consider penalizing Standifer for its failures to participate in mediation and appear at court hearings.

## Claim History

Ms. Hutchison testified that, as she began her shift on November 28, 2021, she entered Standifer's housekeeping room and started removing mop heads and cleaning rags from a plastic bag. A noise from outside the room startled her, and she dropped the bag. Ms. Hutchison then turned around to retrieve an item from her cleaning cart and slipped on the bag, causing her to fall to the floor on her right side. She testified that she hit her head against the wall on the way down and felt "loopy" from the impact.

After she got her bearings, Ms. Hutchison called for assistance. Two co-workers, "Miss Avana" and "Miss Nancy," helped her to her feet and walked her to the supervisor's office, where she reported the injury. Later that same day, she recalled that she slipped on the bag.

1

Standifer offered a panel but then denied Ms. Hutchison's claim on December 10. The notice states that her accident was "the result of an idiopathic situation, as opposed to, an accidental injury."

As for treatment so far, per her supervisor's instructions, Ms. Hutchison scheduled a telemedicine appointment and consulted with that doctor twice. Afterward, she saw an authorized physician, who took x-rays, and her primary care physician prescribed crutches. She did not introduce records from any of these providers.[1]

Ms. Hutchison filed a petition for benefit determination on December 22. On cross-examination, Standifer's attorney noted that she wrote on the petition that her injury was caused by "[t]urning around little to [sic] quickly and tripping over my feet." Counsel pointed out that she had just testified that after she reported her fall, she recalled that same day that it was caused by slipping on a bag. Yet she did not mention it on her petition but wrote that she tripped on her feet. Ms. Hutchison responded, "That's what I thought I had done. But I had forgotten that I had dropped the bag, because I ended up getting startled." She added, "All this stuff was new to me. I didn't know exactly what to write," and no one "was helping me until much later."

As to this case's procedural history and penalty referral, the carrier's third-party administrator did not cooperate with scheduling mediation, despite having notice of the claim. The mediator filed a dispute certification notice with an attachment documenting Standifer's failure to mediate in good faith. Afterward, the Court set two status hearings, where no one appeared on Standifer's behalf. Standifer's counsel appeared at a status hearing in June, where Ms. Hutchison requested this hearing.

### Findings of Fact and Conclusions of Law

Ms. Hutchison must show that she is likely to prevail at a hearing on the merits regarding Standifer's responsibility for workers' compensation benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[1] Ms. Hutchison filed a note from an urgent care clinic giving a diagnosis and work restrictions. She also attempted to introduce a similar document listing restrictions from another medical group. Standifer objected to both, which the Court sustained. The urgent care note is unsigned, while the medical group note is signed but does not identify the individual who signed it as a physician. *See* Tenn. Comp. R. and Regs. 0800-02021-.16(2)(b) (February, 2022) ("Medical records . . . are self-authenticating and admissible when *signed by a physician* or accompanied by a form signed by a medical provider or records custodian certifying that the records and/or bills are true and accurate. . . . An electronic signature suffices[.]") (Emphasis added).

An employer must furnish medical treatment for *work-related* injuries. Tenn. Code Ann. § 50-6-204(a)(1)(A) (Emphasis added). Standifer argued that Ms. Hutchison's injury was not work-related but idiopathic.[2]

An idiopathic injury "is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). An injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *10 (Dec. 10, 2015). Further, the Tennessee Supreme Court wrote, "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Wilhelm v. Kroger,* 235 S.W.3d 122, 128-29 (Tenn. 2007).

Here, Ms. Hutchison testified that she slipped on a plastic bag, injuring her right side including her knee. She also stated that she hit her head in the fall and felt "loopy," but that same evening she recalled slipping on the bag. However, on her petition, she wrote that tripping on her feet caused the fall. The petition does not mention the bag. Ms. Hutchison is representing herself and stated on cross-examination that she "didn't know what to write" since no one was helping her. However, as the Appeals Board observed, "while we acknowledge the legitimate challenges faced by a party who proceeds without an attorney, we cannot relax the standards of proof or excuse evidentiary deficiencies." *Darraj v. McKee Foods Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 4, at *16 (Jan. 17, 2017).

Ms. Hutchison's response does not adequately explain the absence of critical information on her petition. Moreover, she did not offer additional evidence to support her testimony regarding how she became injured, such as affidavits or live testimony from coworkers, or admissible medical records documenting how she became injured from the various providers she recounted in her testimony.

The Court has no reason to doubt Ms. Hutchison's testimony that she fell at work and is in pain. But on this record, the Court cannot find that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily from work. Tenn. Code Ann. § 50-6-102(14). Nothing precludes her from obtaining supplemental evidence and renewing her requests.

---

[2] In Standifer's closing argument, counsel contended that Ms. Hutchison did not prove medical causation. The Appeals Board has held that, at an interlocutory hearing, an employee need not prove the compensability of the claim but may still be entitled to medical benefits, where the employee offers sufficient evidence to support the conclusion that the alleged work incident occurred. *Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *7-9 (Apr. 20, 2016).

As a final matter, the Court refers the case to the Compliance Program for consideration of a penalty. Tennessee Code Annotated section 50-6-118(8) and (9) calls for penalties for a party's failure "to appear or to mediate in good faith at any alternative dispute resolution proceeding" and failure to comply with a court order. Here, the mediator wrote that the third-party administrator did not cooperate in scheduling a mediation or participate in it. Standifer also did not appear at the first two status hearings in this case.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Ms. Hutchison's requested relief is denied at this time.

2. This case is set for a status hearing on **September 26, 2022, at 9:15 a.m. Central Time**. You must call 615-532-9552 or 866-943-0025. Failure to appear might result in a determination of the issues without the party's participation.

3. This case is referred to the Compliance Program for consideration of the imposition of penalties.

**ENTERED August 17, 2022.**

_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

## Appendix

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, and Mediator's Attachment
3. Order Setting Status Hearing
4. Order on Status Hearing, May 17, 2022
5. Order Resetting Status Hearing
6. Order on Status Hearing, July 27, 2022
7. Hearing Request

Evidence:
1. Declaration of Ms. Hutchison
2. Form C-42 Choice of Physician
3. Form C-23 Notice of Denial and cover letter
4. Restrictions from Fast Pace (identification only)
5. Restrictions from Tennova (identification only)

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 17, 2022.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|------|------|------|------|
| Lisa Hutchison, employee | | X | X | 703 Spring Street Dover TN 37058 Bumpusgirl1979@aol.com |
| Gerard Jabaley, employer's attorney | | | X | gjabaley@wimberlylawson.com aburge@wimberlylawson.com |
| Compliance Program | | | | WCCompliance.Program@tn.gov |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*